**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 95-10321
Summary Calendar

---

LOUIS HOWARD CONFER,

Plaintiff-Appellant,

VERSUS

B. A. JOHNSON, Officer; P. LYNN BROOKS; MICHELLE HARTMAN,
Assistant District Attorney, Tarrant County, Texas; MARY SCHERER;
SHARONE SUTTON; C. D. BEAN, Detective; BELKER O. PASCHALL, III,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Northern District of Texas
(4:95 CV 00167)

---

( July 31, 1995 )

Before SMITH, Emilio M. GARZA, and PARKER, Circuit Judges.

Per curiam:[*]

Louis Howard Confer (Confer), a Texas state prisoner, filed a *pro se, in forma pauperis* claim pursuant to 42 U.S.C. § 1983. The district court dismissed. We affirm.

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

DISCUSSION

Confer alleged in his § 1983 complaint that he was arrested on a burglary charge that was later dropped, but his parole was nevertheless revoked as a result of that charge. The district court found that the gravamen of his complaint was a challenge to the revocation of his parole and his continued imprisonment. Because Confer's complaint indicated that his state court petitions for habeas corpus have been denied, the district court found that his § 1983 claims based upon the revocation of his parole have not yet accrued. *Heck v. Humphrey,* ___U.S.___, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). These claims were dismissed without prejudice to refiling.

The district court went on to hold that Michelle Hartman, the Assistant District Attorney who prosecuted the case; P. Lynn Brooks, the attorney appointed to represent Confer; and Mary Scherer and Sharone Sutton, the parole officers that recommended that Confer's parole be revoked, were entitled to absolute immunity. All claims against these defendants were dismissed with prejudice. *See McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158 (5th Cir. 1995). To the extent that Confer's claims against C. D. Bean and B. A. Johnson are based upon their providing testimony at Confer's parole revocation hearing, these claims were also dismissed with prejudice. *Johnson v. Kegans,* 870 F.2d 992, 997 (5th Cir.), *cert. denied*, 492 U.S. 921 (1989).

Confer reurges the merits of his various claims on appeal, but

2

raises no challenge to the district court's holding under *Heck*, and this Court's immunity jurisprudence.  Having examined the record, we find no error in the district court's order, which we therefore AFFIRM.